# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### DETROIT DIVISION

| | |
|---|---|
| R M MEDIA LTD., <br><br> *Plaintiff*, <br><br> v. <br><br> SHERYL MARKEL-ELLENSTEIN, <br><br> *Defendant*. | Case No. 2:26-cv-10999 <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br><br> DEMAND FOR JURY TRIAL |

Plaintiff R M Media LTD., by and through its undersigned counsel, brings this Complaint against Defendant Sheryl Markel-Ellenstein and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

## PARTIES

2. Plaintiff R M Media LTD. ("R M Media") is an English photographic licensing company.

3. Upon information and belief, Defendant Sheryl Markel-Ellenstein ("Markel-Ellenstein") is an individual residing and/or transacting business in Oakland County, Michigan.

4. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of the Defendant named in this caption.

## JURISDICTION AND VENUE

5.      This Court has original subject matter jurisdiction over Plaintiff's claim for copyright infringement pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyrights).

6.      This court has personal jurisdiction over Defendant because Defendant has a physical presence in the state of Michigan and/or Defendant transacts business in the state of Michigan.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)-(c) and/or § 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, and/or this civil action arises under the Copyright Act of the United States, and Defendant or her agents reside in or can be found in this judicial district.

## FACTUAL ALLEGATIONS

### *Plaintiff R M Media LTD. and Photograph Licensing Offered*

8.      Plaintiff R M Media is a stock photography licensing company that specializes in commercial product photography and supplies unique images ("Images") for web designers, bloggers, and content writers.

9.      Plaintiff R M Media maintains a website ("R M Media Website"), found at http://rmmedia.ltd.uk/, which provides links to the Images it offers and information about licensing for the Images.

10.      Plaintiff R M Media offers two licensing options for consumers wishing to use the Images.

11.      Under the first licensing option, Plaintiff RM Media offers the Images to consumers through its website, Alpha Stock Images ("Alpha Stock Images Website"), found at https://alphastockimages.com/index.php, where consumers can pay a licensing fee ("Paid License") in exchange for use of the Images. Plaintiff R M Media's entire content library is available for use through a Paid License.

12.     Under the second licensing option, Plaintiff R M Media offers a limited portion of its content library, including the Images, under a Creative Commons Attribution – ShareAlike 3.0 License ("CC License").

13.     CC Licenses are developed and published by a nonprofit organization that provides free, easy-to-use copyright licenses to make a simple and standardized way to give the public permission to share and use creative work online. *See* www.creativecommons.org/about/.

14.     The CC License requires, *inter alia*, that the consumer "give appropriate credit, provide a link to the license, and indicate if changes were made." *See* https://creativecommons.org/licenses/by-sa/3.0/.

15.     Attached hereto as Exhibit A is a true and correct copy of the terms of the CC License; *see also* http://rmmedia.ltd.uk/free-images/.

16.     Plaintiff R M Media offers a limited portion of its content library through the CC License, enhancing its market share, and each webpage offering licensing of an Image under the CC License also provides an "Attribution Free Option" which directs consumers to its larger library of paid content.

17.     The R M Media Website contains a detailed explanation of the terms of the CC License with the disclaimer that using the images without following the terms and conditions of the license "will invalidate your license to use the image for free" and "may lead to an action for copyright infringement." *See* http://rmmedia.ltd.uk/free-images/.

18.     Plaintiff R M Media licenses its work for attribution or for a fee.

19.     Plaintiff R M Media's livelihood depends on receiving attribution or compensation for the photographs it produces.

20.     The copyright protection afforded to Plaintiff R M Media's photographic work is intended to deter would-be infringers from copying and profiting from its work without proper permission.

COMPLAINT

### *Plaintiff R M Media LTD.'s Copyrighted Photograph*

21.     Plaintiff R M Media is the assignee and sole rights-holder to an original photograph of a picture of a house sitting on top a red book with the words "Probate Sale" written on the binding of the book together with a gavel, scales, and bookcase ("Probate Sale Photograph").

22.     Attached hereto as Exhibit B is a true and correct copy of the Probate Sale Photograph.

23.     The Probate Sale Photograph is registered with the United States Copyright Office under Registration Number VAu 1-442-298 and an Effective Date of Registration of September 13, 2021.

24.     Attached hereto as Exhibit C is a true and correct copy of Registration No. VAu 1-442-298.

25.     The Probate Sale Photograph was offered under a CC License and a Paid License.

### *Defendant Sheryl Markel-Ellenstein*

26.     Upon information and belief, Defendant Markel-Ellenstein is a real estate advisor and Certified Probate Real Estate Specialist®.

27.     Upon information and belief, Defendant Markel-Ellenstein maintains a website at https://www.soldbysheryl.com/ ("Markel-Ellenstein Website").

28.     Upon information and belief, Defendant Markel-Ellenstein controls and manages the Markel-Ellenstein Website.

29.     Upon information and belief, Defendant Markel-Ellenstein generates content on the Markel-Ellenstein Website for commercial purposes.

30.     At all relevant times, Defendant Markel-Ellenstein had the ability to supervise and control all content on the Markel-Ellenstein Website.

31.     At all relevant times, Defendant Markel-Ellenstein had a direct financial interest in the content and activities of the Markel-Ellenstein Website (including the activities alleged in this Complaint).

32.     At all relevant times, the Markel-Ellenstein Website was readily accessible to the general public throughout Michigan, the United States, and the world.

### *Defendant's Willful, Unauthorized Use of the Probate Sale Photograph*

33.     On or about April 10, 2025, Plaintiff R M Media discovered its Probate Sale Photograph being used on the Probate page of the Markel-Ellenstein Website combined with text explaining Defendant Markel-Ellenstein had completed the educational certification program centered around the probate process.

34.     Attached hereto as Exhibit C is a true and correct screenshot of the Probate Sale Photograph as used on the Markel-Ellenstein Website, including a date-stamp showing the date the Probate Sale Photograph was discovered.

35.     Plaintiff R M Media had no record of issuing a Paid License to Defendant Markel-Ellenstein for use of any of the Probate Sale Photograph, nor was attribution provided for the Probate Sale Photograph used on the Markel-Ellenstein Website, as required to qualify for a CC License.

36.     Upon information and belief, Defendant Markel-Ellenstein (including her agents, contractors or others over whom she has responsibility and control) created unauthorized copy of the Probate Sale Photograph and caused it to be uploaded to and displayed on the Markel-Ellenstein Website.

37.     Upon information and belief, Defendant Markel-Ellenstein (including her agents, contractors or others over whom she has responsibility and control) used, displayed, published, and otherwise held out to the public Plaintiff R M Media's original and unique Probate Sale Photograph for commercial benefit and acquired

monetary gain and market benefit as a result of using the Probate Sale Photograph on the Markel-Ellenstein Website.

38. Specifically, the purpose of the use of the Probate Sale Photograph on the Markel-Ellenstein Website was to couple high-quality visual content, via a professionally produced photograph, with textual content to create an aesthetic, visually inviting presentation of Defendant Markel-Ellenstein's marketing message; to support Defendant Markel-Ellenstein's marketing goals to provide information to prospective clients regarding her qualifications as a Certified Probate Real Estate Specialist®; and to attract potential real-estate clients to Defendant Markel-Ellenstein.

39. After discovering the unauthorized use of the Probate Sale Photograph, Plaintiff R M Media, through counsel, sent cease-and-desist correspondence and a demand for damages to Defendant Markel-Ellenstein and subsequently communicated with Defendant Markel-Ellenstein's husband by email in an attempt to resolve this matter.

40. Defendant Markel-Ellenstein removed the Probate Sale Photograph from the Markel-Ellenstein Website but did not remove the Probate Sale Photograph from the Website's server nor did she address the demand for damages.

41. As of March 23, 2026, the Probate Sale Photograph was still being stored on the Markel-Ellenstein Website's server.

42. Attached as Exhibit D is a true and correct screenshot of the Probate Sale Photograph as stored on the Markel-Ellenstein Website's server with a date-stamp of 3/23/2026.

43. Upon information and belief, Defendant Markel-Ellenstein's use of the Probate Sale Photograph was deliberate and willful because she acquired the Probate Sale Photograph from the R M Media Website; knew she did not have any ownership rights in the Probate Sale Photograph; knew, or should have known, she did not have

COMPLAINT

a legitimate license or permission to use the Probate Sale Photograph; and continued to store the Probate Sale Photograph on the Markel-Ellenstein Website's server after being sent cease-and-desist correspondence.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 101 *et seq*

44.     Plaintiff  incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45.     Plaintiff owns a valid copyright in the Probate Sale Photograph.

46.     Plaintiff registered the Probate Sale Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

47.     Defendant (including her employees, agents, contractors or others over whom she has responsibility and control) created an unauthorized copy of and displayed Plaintiff's unique and original Probate Sale Photograph without his consent or authorization in violation of 17 U.S.C. § 501.

48.     Plaintiff is informed and believes and thereon alleges that Defendant willfully infringed upon Plaintiff's rights in his copyrighted Probate Sale Photograph in violation of Title 17 of the U.S. Code.

49.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff has sustained significant injury and irreparable harm.

50.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages and profits attributable to the infringement pursuant to 17 U.S.C. §504(b) or, at Plaintiff's election, statutory damages, pursuant to 17 U.S.C. § 504(c).

51.     As a result of the Defendant's violations of Title 17 of the U.S. Code, the Court in its discretion may allow the recovery of full costs from Defendants as well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

## DEMAND FOR JURY TRIAL

52.     Plaintiff R M Media hereby demands a trial by jury in the above matter.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Probate Sale Photograph by copying and publicly displaying it without a license or consent;

- For a finding that Defendant's conduct was willful;

- For an award of actual damages and disgorgement of all of profits attributable to the copyright infringement, as provided by 17 U.S.C. § 504(b), in an amount to be proven or, in the alternative, and at Plaintiff's election, an award for statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(c);

- For costs of litigation and reasonable attorney's fees pursuant to 17 U.S.C. § 505;

- For pre-judgment and post-judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.

Dated: March 25, 2026                              Respectfully submitted,

**/s/ Jayma C. Leath**
Jayma C. Leath, Esq.
MI State Bar No. P78707
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne, Suite 200
North Las Vegas, NV 89032
(714) 617-8350
(714) 597-6729 facsimile
jleath@higbee.law
*Counsel for Plaintiff*

COMPLAINT